**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESHA GAMINO, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>FLO HEALTH, INC.<br>               Defendant. | Case No.: 5:21-cv-00198-JWH-SHK<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a) AND RELATE TO WELLMAN, PIETRZYK AND FRASCO** |

- 1-

Plaintiff Tesha Gamino ("Plaintiff"), by and through her undersigned counsel, hereby files this unopposed motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a)

## I.     FACTUAL BACKGROUND

Plaintiff Gamino filed this class action lawsuit against Defendant Flo Health, Inc. ("Flo" or "Defendant") on February 3, 2021, after knowledge that her personal identifying information has been tracked, collected, and shared by Defendant via its Flo period & Ovulation Tracker app (the "App"), to dozens of third parties, including Google, LLC ("Google"); Google's separate marketing service, Fabric ("Fabric"); Facebook, Inc., through its Facebook Analytics tool ("Facebook"); marketing firm AppsFlyer, Inc. ("AppsFlyer") and analytics firm Flurry, Inc. ("Flurry") for targeted advertising and other commercial exploitation, in direct violation of California state laws and without limiting what these companies could do with the users' information. The complaint alleges Plaintiff's and the classes' personal information was provided to these third parties despite Defendant promising users that it would keep their health data private. Plaintiff's complaint alleges an Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1; Intrusion Upon Seclusion; Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Negligent Misrepresentation, Cal. Civ. Code §§ 1709-1710; Unjust Enrichment; Violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; and Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.* on behalf of proposed Classes under Rule 23 of the Federal Rules of Civil Procedure.

> **Nationwide Class**: All persons residing in the United States of America who used the Flo App.
>
> **California Subclass**: All person residing in California who used the Flo App.

Plaintiff has become aware of at least three similar class action lawsuits pending in the United States District Court for the Northern District of California which involve similar questions of fact and law to those in the present case. *Frasco v. Flo Health, Inc.*, 3:21-cv-00757-SK, filed on January 29, 2021, *Wellman v. Flo Health, Inc.*, 3:21-cv-01099, filed on February 12, 2021, and *Pietrzyk v. Flo Health, Inc.*, 3:21-cv-01141-SK, filed on February 16, 2021. The proposed class definitions in these cases read as follows:

> *Frasco* Class: Nationwide Class: All natural persons in the United States who used the Flo App between June 2016 through the present.

> *Wellman* Class: All natural persons residing in California who used the Flo App during the period from June 2016 through the present, inclusive (the "Class Period").

> *Pietrzyk* Class: All natural persons in the United States who used the Flo Apps between June 2016 and the present.

It is anticipated that if this Court grants this motion to transfer venue the present case will be consolidated with the additional pending lawsuits pending in the Northern District of California.

Furthermore, Plaintiff, through disclosure by counsel for Defendant, has recently become aware that the purported terms of service at the time she signed up for the App include a consent to jurisdiction clause stating as follows: "Any dispute arising from this Agreement shall be governed by the laws of the State of California without regard to its conflict of law provision. SOLE AND EXCLUSIVE JURISDICITON FOR ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE IN AN APPROPRIATE STATE OR FEDERAL COURT LOCATED IN SAN FRANCISCO COUNTY, STATE OF

- 2-

*GAMINO V. FLO HEALTH, INC.*, CASE NO.: 5:21-CV-00198-JWH-SHK
PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(A)

CALIFORNIA….."[1]   Additionally, undersigned counsel have consulted with counsel for Defendant and Defendant's counsel consents to the transfer of this case to the United States District Court for the Northern District of California.

## II.   ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, unless the parties agree to transfer the case to a particular district, a district court initially determines whether the potential transferee forum is one in which an action could have been brought originally. The court then proceeds to examine specific factors relevant to case including, the convenience of the parties, the convenience of witnesses and whether the transfer would be in the interest of justice. *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020).

In this case, Plaintiff seeks to transfer to the United States District Court for the Northern District of California.  Defendant does not oppose the transfer to that district and has stipulated that the Northern District via its purported terms and conditions for use of the App, and therefore on that basis alone, the requested transfer is proper under 28 U.S.C. § 1404(a).

In addition, the consideration of the witnesses and the interest of justice supports the transfer of this action.  The *Frasco*, *Wellman* and *Pietrzyk* class action lawsuits involve similar questions of fact and law to those in the present case. Transferring this case to the Northern District of California will enable it to be consolidated with the similar class actions, thereby advancing the interests of judicial

---

[1] While acknowledging the purported terms and conditions, Plaintiff reserves all rights to challenge said terms, disclosure of said terms and assert to any purported terms.

economy. The federal court system would otherwise be tasked with handling separate actions in separate district between essentially the same parties and issues. As in this case, the possibility of consolidation with the pending class action cases strongly favors transferring venue. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1217 (S.D. Cal. 2013) (a class-action case where the court allowed venue transfer to a district where similar class actions were pending because it was concerned that the overall cost of litigation would be doubled if both lawsuits proceeded independently and it desired to conserve scarce judicial resources).

## III.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests this case be transferred to the United States District Court for the Northern District Court of California pursuant to 28 U.S.C. § 1404(a) for further proceedings and for such further relief as this court may deem appropriate.

DATED: February 26, 2021          Respectfully submitted,

*/s/ Ronald A. Marron*
Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
ALEXIS M. WOOD
*alexis@consumersadvocates.com*
KAS L. GALLUCCI
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorney for Plaintiff and the Proposed Class***

- 4-

*GAMINO V. FLO HEALTH, INC.*, CASE NO.: 5:21-CV-00198-JWH-SHK
PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(A)